DOUGLASS WHITFIELD v. THE STATE.

No. 3666.   Decided October 13, 1915.

**1.—Theft—Indictment—Felony—Misdemeanor.**

Where, upon trial of theft, the indictment was so drawn as to meet any phase of the evidence that might be presented with reference to the consent of the owner of the property, or the person in exclusive control and management thereof, there was .no merit in the contention that the different counts taken together charged a felony instead of a misdemeanor.

**2.—Same—Transcript—District Court—County Court.**

Where the transcript of the indictment from the District to the County Court was in compliance with the law, there was no error on that ground.

### 3.—Same—Venue—Presumption.

It will be presumed on appeal that the venue has been proved, and unless the record shows that proper bills of exception were taken at the proper time to show that the venue was in issue upon the trial, the matter can not be reviewed on appeal. Besides, the record shows that the venue was proved.

### 4.—Same—Possession—Property Recently Stolen.

Where, upon trial of misdemeanor theft, the defendant claimed that he got the alleged stolen property from some one else, and the court properly submitted the issue of possession of property recently stolen, and defendant's explanation thereof, there was no reversible error.

Appeal from the County Court of Madison. Tried below before the Hon. Joe E. Webb.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $10 and ten days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of venue: Warren v. State, 51 Texas Crim. Rep., 616; Branch on Criminal Law, sec. 770.

DAVIDSON, JUDGE.—The indictment contains two counts, one charging the theft from Ben Payne and Bob Payne. The second charges the theft from Ben Payne. The property alleged to have been stolen is the same in each count, towit: one watch of the value of $15, another watch of the value of $10, and a locket of the value of $2.50. This was proper pleadings to meet any phase of the evidence that might be presented with reference to the consent of the owner of the property, or the person in exclusive control and management of it. There is, therefore, no merit in the contention of appellant to the effect that the two counts charged a felony in that the aggregate amount was $55. The property in each count is the same, and the counts were intended to meet any phase of evidence that might be introduced with reference to the ownership, control and management.

There is also a contention that the transcript from the District to the County Court is irregular; among other things, that it did not have the signature of the district judge, and was not filed, etc. On examination of the transcript we think it is in compliance with the law.

The question of venue was sought to be raised in the case by charges and in motion for a new trial. We do not think there is any merit in either proposition. The usual rule is prescribed by statute that unless the question of venue forms an important issue on the trial of the case before the jury, it will be presumed to have been proved, and unless it becomes an issue on the trial before the jury as to the question of venue, then the record must show by proper bill of exceptions the matters as sought to be presented in order to take advantage of that question. From any standpoint we do not believe, under the facts of this case,

it was a question in the case. The evidence is clear that the property was taken in Madison County by somebody. There was a ball game in the little town of Zulch, which is in Madison County. The Payne brothers owned a drug store and Ben Payne was manager of it and had been for three years. The morning after the game had been played Payne discovered the fact that his watches and locket were gone. He and the officers at once became alert and went to Shiro, in the adjoining county, Grimes, where, it seems, defendant lived. Leaving Shiro on another road, they met appellant in the road perhaps in Grimes County, but it may be conceded that he was not in Madison County at the time they met him. From his person they took one of the watches and the locket. At the time they arrested him for the theft of this property he asked them why they were arresting him. They told him, and he then made .the statement that he got the watch from a kid at Zulch. This was where the theft occurred. We do not think the question of venue is in such position here as to be considered in the nature of a reversible error. The property was taken in Madison County. Appellant admitted he was in possession of it in Madison County at Zulch, explaining his possession by stating he got it from a boy whom he denominated a kid. The court, therefore, was not in error in any of these matters complained of as to the question of venue.

.. Appellant requested the court to instruct the jury "that possession alone is not sufficient to warrant a conviction of a person charged with theft, possession of property recently stolen is only a circumstance which may be considered by the jury in arriving at the conclusion as to the guilt or innocence of the defendant; but in order to justify a conviction upon such evidence alone, such possession must be recent after the theft, must be the personal and exclusive possession of the defendant, and involve a conscious assertion of ownership by him, and must be unaccompanied by any reasonable explanation by the defendant of such possession; and if the property of Payne brothers as described in the indictment was stolen, and the defendant was found in possession of same recently after the theft, if when such possession by him was first called in question he gave an explanation of such possession that was natural, reasonable and probably true, it then devolves upon the State to show that such explanation was false, and, if the State fails to show same to be false beyond a reasonable doubt, the defendant must be acquitted, and you will so say by your verdict." This was refused. The court gave a charge on circumstantial evidence, to which no objection was urged, and also gave the following special charge at the request of appellant: "That although the stolen property was found in the possession of the defendant, that fact would not be sufficient to convict him; and that the defendant had a right to give a reasonable explanation of how he came in possession of the said stolen property. Therefore, if you find from the evidence that defendant gave a reasonable explanation for his possession of the stolen property, you will acquit the defendant and so say by your verdict."

He also gave the following charge at the request of appellant: "You

are instructed that if you find from the evidence beyond a reasonable doubt that the property alleged to have been stolen was taken from the owner without his knowledge or consent, and you further find from the evidence that the defendant or Frank Bay took said property, but have a reasonable doubt whether the defendant or Frank Bay took same you will acquit the defendant, and say by your verdict not guilty." We think these charges sufficiently presented this issue to the jury. Appellant's explanation did not specify from whom he obtained the goods, but his statement was that he got it from a kid at Zulch.  This court, in quite a number of decisions, has approved the form of special charge given by the court at appellant's request instead of the lengthy one refused by the court.  It has been held, however, that such matters can be presented by such a charge as requested by appellant and refused by the court, but it has also been held that where the charge given more pertinently and directly presents the question, it is sufficient without giving the other, and in fact the briefer, shorter and more terse charge has been approved as being correct and less confusing, or as being less calculated to confuse the jury with reference to the law of such a state of case.  We are still of the opinion that the safer and better way to present the question to the jury is by applying pertinently the law to the identical explanation given by the accused where that is an issue. If he says he bought the property from someone, it would be sufficient to say to the jury if they should believe that appellant obtained the property as he stated he did, either by purchase or trade or whatever the explanation may be, or if they had a reasonable doubt of it, then they should acquit.  No jury could be misled by such a charge, and an intelligent jury would readily comprehend such a charge.  If appellant bought the property, or obtained it from another party, and was not connected with the original taking, of course he would not be guilty of theft, even though he might have received stolen property knowing it to have been stolen.  So a pertinent application of the law to the facts that he did so receive it from the other party after it was stolen, would be sufficient, whether he was guilty of receiving it, or whether he bought it in good faith, or whether he bought it at all in any faith. The proposition is that he was not connected with the original taking. If not connected with the original taking in a guilty manner, he could not be guilty of theft, and this would be true whether he received the stolen property, knowing it to have been stolen, or whether he acquired it innocently after such knowledge.  The accused citizen must be tried under the allegations of the indictment, and not on some other statement of fact not in accord with and supporting the allegations of the indictment.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*